UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TELE-PUBLISHING, INC., <br><br> Plaintiff, <br><br> v. <br><br> FACEBOOK, INC. and THEFACEBOOK, LLC, <br><br> Defendants. | NO. 1:09-cv-11686-DPW <br><br> **JURY TRIAL DEMANDED** |

### FACEBOOK'S ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT; AFFIRMATIVE DEFENSES; AND COUNTERCLAIMS

Defendants and Counterclaimants FACEBOOK, INC. and THEFACEBOOK, LLC ("Facebook"), by and through its undersigned counsel, hereby submits the following Answer and Counterclaims to the Complaint filed by Plaintiff TELE-PUBLISHING, INC. ("TPI"):

### PARTIES

1.  Facebook lacks sufficient information to admit or deny the allegations set forth in paragraph 1 of the Complaint and therefore denies them.

2.  Facebook admits that it is a company organized and existing under the laws of the State of Delaware. Facebook denies that its corporate headquarters are located at 165 University Avenue, Palo Alto, California 94301. Facebook's principal place of business is located at 1601 So. California Avenue, Palo Alto, California 94304.

3.  Denied. The Facebook LLC has been dissolved.

### JURISDICTION AND VENUE

4.  Admitted.

5. Facebook admits that it does business in and is subject to jurisdiction in this judicial district. Facebook denies that it has infringed or continues to infringe the Patent-in-Suit. Facebook denies the remaining allegations in Paragraph 5.

6. Facebook admits that venue in this judicial district is authorized pursuant to 28 U.S.C. §§ 1391 and 1400(b). Facebook denies Paragraph 6 to the extent it suggests that this judicial district is convenient or the most appropriate forum for this dispute.

## COUNT I

### (Alleged Infringement of U.S. Patent No. 6,253,216)

7. Facebook admits that United States Patent No. 6,253,216 B1 ("the '216 patent") bears the title "Method and apparatus for providing a personal page" and states on its face an issue date of June 26, 2001. Facebook lacks sufficient information to admit or deny the remaining allegations of paragraph 7 and therefore denies them.

8. Facebook admits that it owns and operates a web site accessible at http://www.facebook.com/. Facebook denies that its computer network or methods are covered by on or more claims of the '216 patent. As the remaining clauses contain terms which call for legal decisions, Facebook lacks sufficient information to admit or deny the remaining allegations set forth in Paragraph 8 and therefore denies them.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense:  Non-Infringement

14.     Facebook is not infringing and has not infringed, either directly, contributorily, or by inducement, any claim of the '216 patent, either literally or under the doctrine of equivalents.

### Second Affirmative Defense:  Invalidity

15.     On information and belief, each claim of the '216 patent is invalid for failure to meet one or more of the conditions of patentability specified in 35 U.S.C. §§ 101, *et seq.*.

### Third Affirmative Defense:  Failure to State a Claim

16.     The Complaint fails to state a claim upon which relief can be granted.

### Fourth Affirmative Defense:  Laches

17.     The Complaint and each of the allegations therein do not entitle Plaintiff to relief on the grounds that Plaintiff's claims are barred by the doctrine of laches.

### Fifth Affirmative Defense:  No Injunctive Relief

18.     Plaintiff's demand to enjoin Facebook is barred, as Plaintiff has suffered neither harm nor irreparable harm from Facebook's actions.

### Sixth Affirmative Defense:  Prosecution History Estoppel

19.     On information and belief, prosecution history estoppel and/or prosecution disclaimer precludes any finding of infringement.

### Seventh Affirmative Defense:  Failure to Mark

20.     Plaintiff's claims for pre-lawsuit damages are barred, in whole or in part, for failure to comply with 35 U.S.C. § 287.

**Other Affirmative Defenses**

21.     Facebook reserves all other affirmative defenses pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that now exist or in the future may be available based on discovery and further factual investigation in this case.

## COUNTERCLAIMS

Defendants and Counterclaimants FACEBOOK, INC. and THEFACEBOOK, LLC (collectively "Facebook"), by and through their undersigned counsel, hereby allege the following counterclaims against Plaintiff and Counterclaim-Defendant TELE-PUBLISHING, INC. ("TPI"):

## THE PARTIES

22.     Counterclaimant Facebook, Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 1601 So. California Avenue, Palo Alto, California 94304.

23.     Facebook is informed and believes and on that basis alleges that Counterclaim-Defendant TPI is a corporation organized and existing under the laws of the State of Massachusetts with a principal place of business at 126 Brookline Avenue, Boston, Massachusetts.

## JURISDICTION AND VENUE

24.     This is a civil action regarding allegations of patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, in which Facebook seeks relief under the Declaratory Judgment Act.  This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

25. The Court has personal jurisdiction and venue over TPI because it consented to personal jurisdiction and venue by filing the Complaint in this action.

### Actual Controversy

26. TPI claims to be the assignee of the complete interest in United States Patent No. 6,253,216, entitled "Method and apparatus for providing a personal page." TPI has alleged in this litigation that Facebook has infringed and is infringing the '216 patent.

27. An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between Facebook and TPI. Facebook seeks a declaration that it does not infringe the '216 patent, that the '216 patent is invalid, and that TPI's claims under the '216 patent are barred.

### COUNT I

**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,253,216)**

28. Facebook incorporates by reference all preceding paragraphs of this Counterclaim as if fully set forth herein.

29. Facebook does not infringe and has not infringed, either directly or indirectly, contributorily or by inducement any claim of the '216 patent either literally or under the doctrine of equivalents and therefore is not liable for infringement thereof. Furthermore, TPI's claims under the '216 patent are barred for the reasons set forth in Facebook's Affirmative Defenses set forth above.

### COUNT II

**(Declaratory Judgment of Invalidity and/or Unenforceability of U.S. Patent No. 6,253,216)**

30. Facebook incorporates by reference all preceding paragraphs of this Counterclaim as if fully set forth herein.

31.     The '216 patent and each claim thereof are invalid for failing to comply with the provisions of United States patent laws, including one or more of 35 U.S.C. §§ 101-103, 111-113, and/or 133.  Furthermore, TPI's claims under the '216 patent are barred for the reasons set forth above in Facebook's Affirmative Defenses.

## Relief Requested by Facebook

WHEREFORE, Facebook prays that this Court enter judgment:

A.     In favor of Facebook, and against TPI, thereby dismissing TPI's Complaint in its entirety, with prejudice, with TPI taking nothing by way of its claims;

B.     Declaring and adjudging that Facebook does not infringe the '216 patent;

C.     Declaring and adjudging that the '216 patent is invalid and/or unenforceable;

D.     Ordering Plaintiff to pay all costs incurred by Facebook in this action;

E.     That the Court find and declared that Facebook has not infringed, contributorily infringed, or induced the infringement of, and is not now infringing, contributorily infringing, or inducing the infringement of, any valid claim of U.S. Patent No. 6,253,216, directly or indirectly, under any subsection of 35 U.S.C. § 271;

F.     Declaring that this is an exceptional case pursuant to 35 U.S.C. § 285 and ordering Plaintiff to pay Facebook's reasonable attorneys' fees incurred in this action; and

G.     Awarding Facebook all other relief the Court deems just and proper.

## **JURY DEMAND**

Facebook demands a trial by jury as to all issues so triable.


DATED:  November 12, 2009            COOLEY GODWARD KRONISH, LLP

/s/ *Richard S. Sanders*
Richard S. Sanders (BBO No. 562014)
   rsanders@cooley.com
COOLEY GODWARD KRONISH LLP
The Prudential Tower
800 Boylston Street
Boston, MA 02199
rsanders@cooley.com
Tel:  (617) 937-2300
Fax:  (617) 937-2400

OF COUNSEL :

Heidi L. Keefe (*pro hac vice* pending)
   hkeefe@cooley.com
Mark R. Weinstein  (*pro hac vice* pending)
   mweinstein@cooley.com
Jeffrey Nordberg (*pro hac vice* pending)
   jnordberg@cooley.com
COOLEY GODWARD KRONISH LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
Phone:  (650) 843-5000
Fax:     (650) 857-0663

- 8 -

**CERTIFICATE OF SERVICE**

    I, Richard S. Sanders, hereby certify that pursuant to Local Rule 5.4(C), this document has been filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).  For those parties indicated as non-registered participants a paper copy will be sent by facsimile and/or U.S. First Class Mail on November 12, 2009.

                                                      */s/ Richard S. Sanders*_____
                                                         Richard Sanders