UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TELE-PUBLISHING, INC, <br><br> Plaintiff, <br><br> v. <br><br> FACEBOOK, INC. and THEFACEBOOK, LLC, <br><br> Defendants. | C.A. No. 1:09-cv-11686-DPW |

## JOINT STATUS REPORT

Pursuant to the Court's April 17, 2012 Notice, Plaintiff Tele-Publishing, Inc. ("TPI") and Defendants Facebook, Inc. and TheFacebook, LLC (collectively, "Facebook") submit this Joint Status Report.

### I.    REPORT ON MEDIATION

The parties participated in mediation on April 13, 2012 before Magistrate Judge Dein. On April 13, 2012, Magistrate Judge Dein issued a report to restore the case to the Court's trial list.

### II.    SUPPLEMENTAL CLAIM CONSTRUCTION BRIEFING AND HEARING

The Court held a *Markman* hearing in February 2011.

After the *Markman* hearing, on August 3, 2011, the Board of Patent Appeals and Interferences ("BPAI") held an *ex parte* hearing on TPI's appeal of the Examiner's rejection of U.S. Patent No. 6,253,216 (the "'216 patent"). On February 23, 2012, the BPAI issued its Decision on Appeal reversing the Examiner's rejection.

### A. FACEBOOK'S POSITION

The BPAI's Decision and TPI's admissions and arguments during the BPAI hearing confirm the limited scope of the term "page templates" and related means-plus-function terms. The BPAI's Decision was issued recently, on February 23, 2012.  Between the BPAI Decision and today's Joint Status Report, on March 19, 2012, Magistrate Judge Dein ordered mediation and the parties participated in mediation on April 13, 2012.  Despite genuine efforts to resolve the case, the parties have not reached a resolution.  Facebook has therefore timely raised the issue of supplemental briefing and a further *Markman*.  Federal Circuit case law mandates that the entire intrinsic record be considered in construing the claims of the '216 patent.  Facebook proposes supplemental briefing and a further *Markman* hearing in order to account for the additional and significant intrinsic evidence generated after the February 2011 *Markman* and to fully inform the Court of the effect of the BPAI's Decision and TPI's admissions and arguments at the BPAI hearing on claim construction.

Additionally, the Federal Circuit recently issued two decisions that are relevant to the parties' claim construction dispute regarding indefiniteness of the '216 patent claims:  *Ergo Licensing, LLC v. CareFusion 303, Inc.*, 2012 WL 987833, No. 2011-1229 (Fed. Cir. Mar. 26, 2012) and *Noah Systems, Inc. v. Intuit Inc.*, 2012 WL 1150216, No. 2011-1390 (Fed. Cir. Apr. 9, 2012).  Facebook therefore also requests briefing on these cases.

Facebook proposes the following briefing schedule and *Markman* hearing:

- Supplemental opening claim construction briefs, not to exceed 10 pages (excluding attachments) – June 22, 2012

- Supplemental responsive claim construction briefs, not to exceed 5 pages (excluding attachments) – July 13, 2012

- Supplemental *Markman* – at the Court's convenience

**B.  TPI's POSITION**

The *Markman* briefing was completed and a hearing held more than a year ago.  TPI does not believe that further briefing or an additional hearing regarding the reexamination record is warranted.

Attached as <u>Exhibit 1</u> is the transcript of the oral hearing held before the BPAI on August 3, 2011.  This transcript was mailed to counsel for both TPI and Facebook on September 1, 2011. In the last eight months, neither party believed the transcript relevant enough to *Markman* to warrant filing it with the Court.  TPI, nevertheless, provides the transcript now and the Court can review the transcript if it chooses to do so.

TPI already submitted the BPAI Decision to the Court [Dkt. No. 274] in February 2012. That Decision contains approximately two pages of discussion regarding "page templates" as recited in claims 1, 10, 16, and 21.  It contains an additional page and half discussion of the means to input security parameters.  Again, the Court can review that discussion if it chooses to do so.

Moreover, TPI asserts that the cases cited by Facebook merely apply established Federal Circuit law and do not justify special briefing.

**III.   DISCOVERY**

On or before May 21, 2012, TPI may renew its previously-filed motion to compel. Pursuant to Local Rule 37.1, the parties are conferring on discovery issues.  TPI requests a hearing on its discovery motion at the Court's earliest convenience after June 6, 2012.

Facebook notes that it may also file a motion to compel on outstanding discovery issues. Pursuant to Local Rule 37.1, it will confer with TPI before filing any motion.

IV.     **PROPOSED SCHEDULE**

The parties propose the following schedule for case management:

A.      **FACT DISCOVERY DEADLINE**

All fact discovery shall be completed **60 days** following the Court's Claim Construction Order.

B.      **EXPERT DISCOVERY**

1.      Parties shall disclose the name, address, and curriculum vita of all expert witnesses opining on issues in which they bear the burden of proof no later than **30 days** after the Court's Claim Construction Order.

2.      The name, address, and curriculum vita of all rebuttal expert witnesses shall be disclosed by no later than **60 days** after the Court's Claim Construction Order.

3.      Reports from retained experts under Rule 26(a)(2) will be due from the party bearing the burden on a particular issue 30 days after the close of fact discovery with rebuttal reports due **30 days** thereafter. Supplementations under Rule 26(e) are due no later than **30 days** before trial.

4.      All expert depositions are to be completed **45 days** after rebuttal reports are due.

C.      **MOTIONS**

1.      Discovery motions shall be filed no later than **30 days** after the close of fact discovery.

2.      Motions for summary judgment shall be filed no later than **45 days** after the close of expert discovery.

| | |
|---|---|
| TELE-PUBLISHING, INC., | FACEBOOK, INC. and THEFACEBOOK LLC, |
| By its attorneys, | By their attorneys, |
| */s/ Heather B. Repicky* | */s/ Reuben Chen* |
| Daniel J. Gleason (BBO# 194900) | Heidi L. Keefe (pro hac vice) |
| Joseph F. Shea (BBO# 555473) | Mark R. Weinstein (pro hac vice) |
| Cynthia M. Guizzetti (BBO # 653858) | Reuben H. Chen (pro hac vice) |

Heather B. Repicky (BBO# 663347)
Rory P. Pheiffer (BBO# 664950)
Shane P. Early (BBO# 673541)
NUTTER MCCLENNEN & FISH LLP
Seaport West
155 Seaport Boulevard
Boston, MA 02210
(617) 439-2000

Daniel J. Knauss (pro hac vice)
COOLEY GODWARD KRONISH LLP
3175 Hanover Street
Palo Alto, CA 94304-1130
(650) 843-5000

OF COUNSEL:
Donald K. Stern (BBO No. 479420)
dstern@cooley.com
COOLEY LLP
500 Boylston Street
Boston, MA 02116
Telephone: (617) 937-2300; Facsimile: (617) 937-2400
(617)937-2300

Dated: May 7, 2012

## CERTIFICATE OF SERVICE

I, Reuben H. Chen, hereby certify that pursuant to Local Rule 5.4(C), this document has been filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). For those parties indicated as non-registered participants, if any, a paper copy will be sent by facsimile and/or U.S. First Class Mail on May 7, 2012.

*/s/ Reuben H. Chen*
Reuben H. Chen

1026569/HN